UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WARREN SIGN COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:09-CV-1984 (CEJ) |
| ) | |
| PIROS SIGNS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on motions to dismiss filed by each of the three defendants. Plaintiff opposes the motions and they have been fully briefed.

Plaintiff Warren Sign Company, Inc. brings this action against defendants Piros Signs, Inc., The Striler Group, Inc., and Eagle Bank and Trust Company of Missouri. Plaintiff alleges that it is the owner of a copyright for the "Eagle Bank Drawing," a design created by plaintiff at the request of Eagle Bank. The design was included in a proposal by plaintiff to install a sign at a new branch location. Instead of ordering the sign from plaintiff, Eagle Bank, together with Striler Group, allegedly ordered an identical sign from Piros Signs. In addition to a claim for copyright infringement under 17 U.S.C. § 501, plaintiff also raises claims of tortious interference, misappropriation of trade secrets and civil conspiracy. Plaintiff seeks an unspecified amount of actual, punitive and statutory damages. Plaintiff also seeks a permanent injunction against the use of the sign bearing the "Eagle Bank Drawing."

I. Background

In May 2005, plaintiff alleges that it designed a custom pylon sign (the "Eagle Bank Drawing") at the request of Eagle Bank for installation at one of the bank's new locations. Plaintiff states that the Eagle Bank Drawing contained the following

language: "This drawing has been prepared for your exclusive viewing and is the intellectual property of [plaintiff], it may not be reproduced in whole or in part without the written permission or by right of purchase."

Plaintiff contends that, in June 2005, it presented the Eagle Bank Drawing to Eagle Bank, along with a proposal for the fabrication and installation of the sign at the cost of $39,712.00. Eagle Bank did not accept the proposal. Plaintiff alleges that Eagle Bank provided the Eagle Bank Drawing to Striler Group.[1] Plaintiff claims that Striler Group subsequently removed all of plaintiff's markings from the Eagle Bank Drawing and forwarded the modified drawing to Piros Signs. According to plaintiff, Piros Signs manufactured and installed the sign, bearing the Eagle Bank Drawing, at the new Eagle Bank branch location. Plaintiff asserts that it did not grant defendants permission to use the Eagle Bank Drawing in any way.

In their motions, the defendants argue that plaintiff's state law claims should be dismissed because they are preempted by the Copyright Act. Defendants also contend that the complaint fails to state a claim for copyright infringement.

II. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's

---

[1] Plaintiff alleges that Striler Group is a construction management company that was advising Eagle Bank on various aspects of the design and construction of the new branch location.

factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

### III. Discussion

The Court first turns to defendants' argument that plaintiff's state law claims are preempted by federal law. Plaintiff asserts a tortious interference claim in Count II, a misappropriation of trade secrets claim in Count III, and a civil conspiracy claim in Count IV of the complaint. Defendants contend that, because all of these claims revolve around the issue of whether defendants' actions infringed a copyright owned by plaintiff, the claims are preempted under the Copyright Act.

"The Copyright Act provides the exclusive source of protection for all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright. National Car Rental System, Inc. v. Computer Associates Intern., Inc., 991 F.2d 426, 428 (8th Cir. 1993). The preemption provision is found in section 301(a) of the Copyright Act states, which states in part:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright…are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

"A state cause of action is preempted if: (1) the work at issue is within the subject matter of copyright as defined in §§ 102 and 103 of the Copyright Act, and (2) the state law created right is equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106." National Car Rental System, Inc., 991 F.2d at 428.

The parties appear to agree that the Eagle Bank Drawing is within the subject matter of copyright---satisfying the first part of the two-part analysis. The issue becomes whether the rights at issue in the state law claims are "equivalent" to the exclusive rights outlined in the Copyright Act. In determining whether the rights at issue are equivalent, the Court must consider whether "there is an 'extra element' that changes the nature of the state law action so that it is *qualitatively* different from a copyright infringement claim." Huckshold v. HSSL, L.L.C., 344 F.Supp.2d 1203, 1206 (E.D. Mo. 2004)(emphasis in original). "The existence of an extra element precludes preemption only where the element changes the nature, rather than the scope, of the action." Stromback v. New Line Cinema, 384 F.3d 283, 301 (6th Cir. 2004).

To state a claim for tortious interference under Missouri law, plaintiff must show: (1) a valid business expectancy; (2) defendant's knowledge of the relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages. See Stehno v. Sprint Spectrum, L.P., 186 S.W.3d 247, 250 (Mo. banc 2006). Plaintiff claims that it had a business expectation that it would be retained and paid for any fabrication and installation of the sign contained in the Eagle Bank Drawing. Plaintiff alleges that Piros Signs and Striler Group interfered with this expectation by causing Eagle Bank to purchase an infringing sign from Piros Signs.

In Huckshold, this court acknowledged that a tortious interference claim "requires the plaintiff to plead the additional elements of awareness and intentional interference, which are not elements of a copyright claim." Huckshold, 344 F.Supp.2d at 1208. However, "[a]wareness or intent…are not extra elements that make a state law claim qualitatively different from a copyright infringement claim." Id. Instead, the extra elements of awareness and intentional interference go "merely to the scope of the right [and do not] establish qualitatively different conduct on the part of the infringing party, nor a fundamental nonequivalence between the state and federal rights implicated." Id. Other than the additional elements of awareness and intent---neither of which change the *nature* of the action--plaintiff's tortious interference claim does not require proof of an "extra element" needed to avoid preemption. See Id. at 1209. Therefore, Count II is preempted by the Copyright Act and will be dismissed.

"Claims of misappropriation of trade secrets that are based solely upon copying are qualitatively equivalent to copyright infringement, and are preempted." Id. However, "claims of misappropriation of trade secrets that are based upon breach of an independent duty of trust or confidence to the plaintiff are qualitatively different than claims for copyright infringement, and are not preempted." Id. In these type of claims, "[i]t is the employment of improper means to procure the trade secret, rather than the mere copying or use, which is the basis for liability." Id. (quoting Trandes Corp. v. Guy F. Atkinson Co., 996 F.2d 655, 660 (4th Cir. 1993)).

Defendants contend that plaintiff's misappropriation of trade secrets claim is based solely on the alleged copying and use of the Eagle Bank Drawing by defendants. Plaintiff does not appear to dispute this contention and agrees that, under Huckshold,

its claim for misappropriation of trade secrets would be preempted.[2]  The Court agrees with the rationale in Huckshold that misappropriation claims that rely solely upon the act of copying are preempted.  Here, plaintiff does not allege that Eagle Bank was contractually obligated to purchase a sign from plaintiff or otherwise had an independent duty to protect the Eagle Bank Drawing from being copied.  Had Eagle Bank purchased a non-infringing sign from Piros Signs, plaintiff's misappropriation claim would be without merit.  Instead, plaintiff's claim relies solely upon the allegation that the sign installed by Piros Signs was a copy of the Eagle Bank Drawing.  This claim is not qualitatively different than a claim brought under the Copyright Act and is preempted.  Count III will also be dismissed.

To state a claim for civil conspiracy, plaintiff must plead: (1) two or more persons; (2) an unlawful objective; (3) a meeting of the minds; (4) the commission of at least one act in furtherance of the conspiracy; and (5) damages.  Oak Bluff Partners, Inc. v. Meyer, 3 S.W.3d 777, 781 (Mo. banc 1999).

Plaintiff contends that the third element, a meeting of the minds, distinguishes its civil conspiracy claim from a claim of copyright infringement.  Plaintiff states that "this extra element requires [proof] that there was a conscious agreement between the parties to infringe on [plaintiff's] copyright, a requisite which is altogether absent from a copyright infringement claim."  While plaintiff is correct that this constitutes an extra element beyond that required to prove copyright infringement, the Court disagrees that it qualitatively changes the nature of the claim.  "Because copyright law already recognizes the concepts of contributory infringement and vicarious copyright

---

[2]Plaintiff does not agree that its tortious interference claim is preempted by the Copyright Act.  Instead, plaintiff merely recognizes that, under Huckshold, its claim would be preempted.  Plaintiff disagrees with the Huckshold decision, and maintains that its claim of tortious interference contains an "extra element" and is qualitatively different than a claim brought pursuant to the Copyright Act.

infringement concepts, which extend joint and several liability to those who participate in the copyright infringement, a civil conspiracy claim does not add substantively to the underlying federal copyright claim and should therefore be preempted." Irwin v. ZDF Enterprises GmbH, 2006 WL 374960 at *4 (S.D. N.Y. 2006)(internal citations omitted). Simply put, plaintiff's civil conspiracy claim "does not establish conduct that is qualitatively different from a copyright infringement claim because the copyright law already covers such conduct." Tegg Corp. v. Beckstrom Electric Co., 650 F.Supp.2d 413, 427 (W.D. Pa. 2008).

While the majority of courts that have considered this issue have held that civil conspiracy claims are preempted under the Copyright Act, some courts have held that the "agreement element" of a civil conspiracy claim is sufficient to preclude preemption. Most of these cases are distinguishable from the instant case in that they presented "factual scenarios wherein the alleged conspiracy involves a conspiracy to commit an underlying tort or wrong other than copyright infringement, such as fraud." Tegg Corp., 650 F.Supp.2d at 425 (discussing cases); see Pick v. Pikoff, 2004 WL 2997480 (N.D. Tex. 2004)(complaint alleged plaintiff was fraudulently induced into signing contract). In other cases, including one cited by plaintiff, courts have concluded that the extra element of agreement was, in and of itself, sufficient to avoid preemption, without an analysis of whether that extra element qualitatively changed the claim. See e.g., Rally Concepts, LLC v. Republican National Committee, 2006 WL 2505307 (E.D. Tex. 2006)(summarily concluding that, because civil conspiracy claim contained extra element, claim was not preempted by Copyright Act). None of the cases cited by plaintiff convinces the Court that plaintiff's civil conspiracy claim contains an 'extra element' that changes the nature of the claim such that it is qualitatively different from a copyright infringement claim. Instead, the Court agrees

with the majority of cases that have found such claims to be preempted by the Copyright Act. Count IV of the complaint will be dismissed.

Plaintiff's remaining claim is its copyright infringement claim in Count I of the complaint.[3] To state a claim for copyright infringement, plaintiff must show "ownership of a valid copyright and copying of original elements of the work." Taylor Corp. v. Four Seasons Greetings, LLC, 403 F.3d 958, 962-63 (8th Cir. 2005). "Copying may be established (1) by direct evidence or (2) by showing that the defendants had access to the copyrighted materials and showing that a substantial similarity of ideas and expression existed between the alleged infringing materials and the copyrighted materials." Rottlund Co. v. Pinnacle Corp., 452 F.3d 726, 731 (8th Cir. 2006).

The Court finds that plaintiff has sufficiently stated a claim for copyright infringement against all defendants. Plaintiff is not required to allege direct evidence of copying by defendants. Instead, plaintiff need only allege that defendants had access to the copyrighted drawing and that a "substantial similarity" exists between the copyrighted drawing and the alleged infringing materials. See Rottlund Co., 452 F.3d at 731. Here, plaintiff has alleged that defendants had access to the copyrighted Eagle Bank Drawing. Further, plaintiff alleged that Striler Group, acting on the direction of Eagle Bank, created a substantively identical drawing of the Eagle Bank

---

[3] In determining whether plaintiff's copyright claim states a claim under the Copyright Act, it is irrelevant that the Court found, under its preemption analysis, that the Eagle Bank Drawing falls within the subject matter of copyright. The majority of courts that have examined the issue have found that "the scope of the Copyright Act's subject matter is broader than the scope of the Act's protections". Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 455 (6th Cir. 2001). The "subject matter of copyright" "extends beyond the tangible expressions that can be protected under the Act to elements of expression which themselves cannot be protected." Id. (citing National Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 849 (2d Cir. 1997). Thus, it is possible for state law claims to be preempted by the Copyright Act even where the underlying copyright claim is not protected by the Act.

Drawing.[4] In addition, plaintiff has attached to its complaint a drawing of the sign containing the logo of Piros Signs, and a photograph of the sign ultimately installed at the bank by Piros Signs. The Court finds that the drawing and photograph of the sign are similar enough to the Eagle Bank Drawing such that plaintiff is entitled to present evidence in support of its claim of infringement.

Defendants argue that plaintiff's copyright claim still fails because, pursuant to 17 U.S.C. § 113(b), a copyright in a technical drawing does not preclude the construction or manufacture of the useful article depicted in the drawing. Therefore, defendants contend that the fabrication and installation of the sign itself does not violate plaintiff's copyright in the Eagle Bank Drawing. Plaintiff responds that the sign depicted in the Eagle Bank Drawing is not a "useful article" under the Act, and therefore is not subject to the restrictions of 17 U.S.C. § 113(b).

Pursuant to 17 U.S.C. § 113(b), the owner of a copyrighted work portraying a "useful article" is not protected from the manufacture, distribution, or display of the useful article itself. See 17 U.S.C. § 113(b). Therefore, if the sign depicted in the Eagle Bank Drawing constitutes a "useful article," plaintiff may not be protected against the construction of the sign. Instead, plaintiff's copyright protection would only extend to copying of the drawing itself. The parties disagree as to whether the sign is a "useful article." The Act defines "useful article" as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101.

---

[4]Paragraph sixteen of the complaint alleges that Striler Group, acting on Eagle Bank's behalf, created a modified version of the Eagle Bank Drawing by merely removing Warren Sign's name and logo. In all other regards, the modified drawing was identical to the Eagle Bank Drawing.

In deciding whether plaintiff's copyright claim survives a motion to dismiss, the Court is limited to the allegations within the complaint and the documents attached to the complaint. See Stahl v. U.S. Dept. of Agriculture, 327 F.3d 697, 700-01 (8th Cir. 2003). Based on a review of these materials, the Court does not believe that it can determine whether the Eagle Bank Drawing depicts a "useful article." See Tactical Tailor, Inc. v. Hirayama, 2005 WL 2206808 at *1 (W.D. Wash. 2005)(finding that the issue of whether articles are "useful articles" under the Act is an issue of fact not appropriate for determination on a motion to dismiss); Lanard Toys Ltd. v. Novelty, Inc., 2010 WL 1452527 at *3 (9th Cir. 2010)(noting that the determination of whether an item is an "uncopyrightable 'useful article'" is a fact-intensive one that must be submitted to the jury when there is a factual dispute).

Even if the Eagle Bank Drawing does depict a "useful article," plaintiff would still be protected against the unauthorized copying of the drawing itself. Plaintiff has sufficiently alleged that defendants created a copy of the Eagle Bank Drawing that was identical in almost every way. Therefore, even if the Court were able to decide that the sign is a "useful article," plaintiff's infringement claim could still proceed. For all of these reasons, defendants' motions to dismiss will be denied as to plaintiff's copyright infringement claim in Count I of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss filed by defendants Eagle Bank and Trust Company of Missouri [#14], Piros Signs, Inc. [#21], and The Striler Group, Inc. [#27] are **granted** as to Counts II, III and IV of the complaint, but **denied** as to Count I of the complaint.

**IT IS FURTHER ORDERED** that Counts II, III and IV of the complaint are each dismissed for failure to state a claim as to all defendants.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2010.